**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE PRODUCTS OPERATING LLC, ENTERPRISE REFINED PRODUCTS COMPANY LLC, AND ENTERPRISE TE PRODUCTS PIPELINE COMPANY LLC,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-00445 |

---

**STIPULATION OF SETTLEMENT AND ORDER**

---

WHEREAS Plaintiff United States of America, by authority of the Attorney General of the United States and acting at the request of the United States Environmental Protection Agency ("EPA"), filed a Complaint against Defendants Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC (collectively, "Enterprise") pursuant to Sections 205(b) and 211(d) of the Clean Air Act (the "Act"), 42 U.S.C. §§ 7524(b) and 7545(d), to recover penalties relating to Defendants' alleged violations of the regulations prescribed under Section 211(h) of the Act, 42 U.S.C. § 7545(h), and promulgated at 40 C.F.R. Part 80 (2019);

WHEREAS Defendants own and operate "refineries," as defined by 40 C.F.R. § 80.2(h), in North Port Arthur and Beaumont, Texas, where they produced gasoline;

WHEREAS Defendants produced gasoline by blending butane into previously certified gasoline ("PCG");

WHEREAS PCG is gasoline that has been sampled, tested, and demonstrated to be in compliance with the applicable fuel quality standards;

WHEREAS butane is a product that is blended with PCG to increase the octane content of the gasoline;

WHEREAS butane also increases the volatility of gasoline;

WHEREAS gasoline volatility is measured by the Reid Vapor Pressure ("RVP") and expressed as pounds per square inch ("psi");

WHEREAS gasoline produced during the regulatory control period, May 1 to September 15 of every year, must meet the federal 9.0 psi RVP standard;

WHEREAS the Complaint alleges that Defendants did not maintain their internal laboratory equipment in accordance with the precision and accuracy requirements of 40 C.F.R. Part 80;

WHEREAS Defendants utilized a third-party laboratory for their compliance testing and demonstrations;

WHEREAS the Complaint alleges Defendants reported that from June 2018 until August 2019 Defendants produced 182,864,766 gallons of gasoline that exceeded the federal 9.0 psi RVP standard;

WHEREAS Defendants have implemented operational changes to ensure they only sell, offer for sale, or introduce into commerce gasoline that complies with the applicable standards;

WHEREAS Defendants neither admit nor deny the violations alleged in the Complaint;

WHEREAS Plaintiff and Defendants have agreed that settlement of this matter is in the public interest and that entry of this Order without further litigation is the most appropriate means of resolving this matter; and

NOW THEREFORE, before the taking of any testimony, without adjudication or admission of any issue of fact or law, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 42 U.S.C. §§ 7524 and 7545.

2. The obligations of this Stipulation apply to and are binding upon the United States and upon the Defendants and their successors. Any change in Defendants' ownership or corporate status shall not alter their obligations hereunder.

3. Defendants shall pay to the United States of America a civil penalty of $7,000,000 on or before thirty (30) calendar days after entry of this Stipulation as an Order. Payment of this amount shall be made to the United States by electronic funds transfer ("EFT") to the U.S. Department of Justice ("DOJ") lockbox bank, referencing the DOJ file number 90-5-2-1-12779. Payment shall be made in accordance with the instructions provided by the United States to Defendants upon entry of this Stipulation. Payment by EFT must be received by the U.S. Department of Justice lockbox bank by 11 a.m. to be credited on that day. A copy of the EFT transmittal notice shall be delivered to EPA and DOJ:

| | |
|---|---|
| As to EPA by email: | Karen Nelson, Attorney-Adviser<br>U.S. Environmental Protection Agency<br>nelson.karen@epa.gov |
| and | |
| As to DOJ by email: | EESCDCopy.ENRD@usdoj.gov<br>Re: DJ No. 90-5-2-1-12779 |

Or as to DOJ by mail:

Chief, Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611
Re: DJ No. 90-5-2-1-12779

4. Within thirty (30) business days of receipt of Defendants' payment referred to above, the United States shall file a notice with the Court, indicating that payment has been received, and that the United States' claims against Defendants alleged in the Complaint may be dismissed with prejudice, with each party bearing its own costs and attorney fees.

5. In the event that Defendants do not comply with the payment obligations of Paragraph 3 above, it shall be in violation of this Stipulation and shall pay a stipulated penalty to the United States in the amount of five thousand dollars ($5,000) per day for each day that the civil penalty remains unpaid. Stipulated penalties shall accrue regardless of whether Defendants have been notified of a violation or demand for payment by the United States. Stipulated penalties shall be paid in the same manner as that provided for in Paragraph 3 above for payment of the civil penalty. Further, interest shall accrue on the unpaid balance of civil and/or stipulated penalties in accordance with 28 U.S.C. § 1961 commencing on the date that such penalties are due and continuing until paid. If the payment specified in Paragraph 3 is not made when due, then, in addition to other remedies herein, the United States reserves the right to move this Court to vacate this Stipulation.

6. If the payment provided for in this Stipulation is not timely paid, this Stipulation shall be considered an enforceable judgment for purposes of post-judgment collection of any unpaid amounts in accordance with Rule 69 of the Federal Rules of Civil Procedure, the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001-3308, and other applicable federal authority.

Defendants shall be liable for reasonable attorneys' fees and costs incurred by the United States to collect any amounts past due under this Stipulation.

7. This Court shall retain jurisdiction for the purpose of interpreting and enforcing this Stipulation.

8. Defendants' payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall resolve Defendants' civil liability to the United States for violations identified in the Complaint. Defendants' payment of the civil penalty identified in Paragraph 3 above and any stipulated penalties and interest required by Paragraph 5 above shall also resolve the violations alleged in the Notice of Violation of Fuels Regulations issued to Enterprise Products Partners L.P. and Enterprise Products GP, LLC, dated August 17, 2022. The notice of violation is incorporated in this Stipulation of Settlement and Order as Appendix A.

9. Defendants waive any counterclaims against the United States that might have been filed in this action.

10. Except as covered by the resolution of liability in Paragraph 8, in any subsequent proceeding brought by the United States, Defendants shall not assert any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

11. Nothing in this Stipulation is intended to operate in any way to resolve any civil claims, other than those addressed in Paragraph 8, or any criminal liability of Defendants or their agents, successors, assigns, or other entities or persons otherwise bound by law.

12. This Stipulation may not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the Clean Air Act, or under other federal laws, regulations, or permit conditions, except as provided in Paragraph 8.

13. Defendants shall not deduct any civil penalties and any stipulated penalties paid pursuant to this Stipulation in calculating its federal income tax.

14. Nothing in this Stipulation creates, nor shall it be construed as creating, any rights or claims in favor of any person not a Party to this Stipulation.

15. Defendants are responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits. Except as provided in Paragraph 8, Defendants' compliance with this Stipulation is not a defense to any action commenced pursuant to said laws, regulations, or permits.

16. There are no separate agreements or understandings with respect to this matter that have not been set forth in this Stipulation.

17. This Stipulation may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

18. Defendants agree to accept service by mail with respect to all matters arising under or relating to this Stipulation and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Service shall be mailed to Marcy Rothman, Vice President, Litigation, 1100 Louisiana, Suite 1000, Houston, Texas, 77002. Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Stipulation as an Order of the Court.

19. If for any reason this Court should decline to approve this Stipulation in the form presented, this Stipulation is voidable at the sole discretion of any Party and the terms of the Stipulation may not be used as evidence in any litigation between the Parties.

20. The Parties hereby agree that, upon the Court's approval and entry of this Stipulation, it shall constitute a final Order of the Court.

**ORDER**

As stipulated to and agreed by the parties, IT IS SO ORDERED AND ADJUDGED.

SIGNED at Beaumont, Texas, this 1st day of October, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC

**FOR THE UNITED STATES OF AMERICA:**

Dated: 9/28/2026

ADAM R.F. GUSTAFSON
UNITED STATES OF AMERICA
Acting Assistant Attorney General
Energy and Natural Resources Division

KIANA COURTNEY
FL Bar No 1010206
Environmental Enforcement Section
Energy and Natural Resources Division
United States Department of Justice
150 M Street NE
Washington, DC 20002
Telephone: (202) 532-3316
Fax: (202) 514-8865
Email: Kiana.Courtney@usdoj.gov

JAY R. COMBS
UNITED STATES ATTORNEY

/s/ L. Frank Coan, Jr.
L. FRANK COAN, JR.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 Fax
frank.coan@usdoj.gov

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC

**FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:**

Dated: ____________

JEFFREY HALL
Digitally signed by JEFFREY HALL
Date: 2026.09.07 23:22:50 -04'00'

Jeffrey A. Hall
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460

OF COUNSEL:

Karen Nelson
Attorney-Advisor
Air Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Washington, DC 20460

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC

**FOR ENTERPRISE PRODUCTS OPERATING LLC:**
**By its Manager, Enterprise Products OLPGP, Inc.**

Dated: 6/4/26

Graham Bacon
Executive Vice President & Chief Operating Officer

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC

**ENTERPRISE REFINED PRODUCTS COMPANY LLC:**

Dated: 6/4/26

Graham Bacon
Executive Vice President & Chief Operating Officer

THE UNDERSIGNED PARTIES enter into this Stipulation of Settlement in the matter of United States v. Enterprise Products Operating LLC, Enterprise Refined Products Company LLC, and Enterprise TE Products Pipeline Company LLC

**ENTERPRISE TE PRODUCTS PIPELINE COMPANY LLC:**
**By its Manager, Enterprise GP LLC**

Dated: 6/ 4/26

Graham Bacon
Executive Vice President & Chief Operating Officer